UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on May 25, 2021

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Crim. No. 21- |
| | : | |
| | : | Grand Jury Original |
| ROSEMARY OGBENNA, | : | |
| | : | Violations: |
| | : | |
| | : | 18 U.S.C. § 1341 (Mail Fraud) |
| | : | |
| | : | 18 U.S.C. § 1343 (Wire Fraud) |
| Defendant. | : | |
| | : | 18 U.S.C. § 641 (Theft of Public Money) |
| | : | |
| | : | 42 U.S.C. § 408(a)(5) (Representative Payee Fraud) |
| | : | |
| | : | 18 U.S.C. § 1028A (Aggravated Identity Theft) |
| | : | |
| | : | 18 U.S.C. § 1001 (False Statements) |
| | : | |
| | : | 18 U.S.C. § 1512(c)(1) (Tampering with Documents) |
| | : | |
| | : | 22 D.C. Code §§ 3211, 3212 (First Degree Theft) |
| | : | |
| | : | Forfeiture Allegation: |
| | : | |
| | : | 18 U.S.C. § 981; 21 U.S.C. § 853; 28 U.S.C. § 2461 |

## INDICTMENT

The Grand Jury charges that:

## BACKGROUND

At all times material to the Indictment:

1. Defendant ROSEMARY OGBENNA was a resident of the District of Columbia.

2. PERSON 1 was a resident of the District of Columbia.

3. On or about January 3, 2008, defendant ROSEMARY OGBENNA, PERSON 1, and another individual, incorporated Senior Dwelling, Inc. ("Senior Dwelling") in the District of Columbia as a non-profit corporation.

4. From at least in or about 2008 through in or about February 2020, defendant ROSEMARY OGBENNA operated rooming houses in the District of Columbia under the name of Senior Dwelling. Defendant ROSEMARY OGBENNA was, amongst other things, the registered agent, records custodian, and Resident Director for Senior Dwelling.

5. On or about June 5, 2008, defendant ROSEMARY OGBENNA, PERSON 1, and another individual organized a company, Senior Dwelling Supportive Services Inc. ("SDSS"), in the District of Columbia.

6. Defendant ROSEMARY OGBENNA was in charge of operating Senior Dwelling and SDSS.

7. Defendant ROSEMARY OGBENNA was a signatory on bank accounts held in the names of Senior Dwelling and SDSS, including accounts held at Bank of America, N.A., ("BOA"), PNC Bank, N.A. ("PNC"), and TD Bank ("TD Bank").

8. Defendant ROSEMARY OGBENNA and PERSON 1 held title to real properties in the District of Columbia, which were used as rooming houses for Senior Dwelling, including properties in the 5000 block of N. Capitol Street N.W.; the 4000 block of First Street N.W.; and two properties located in the 200 block of 56th Place N.E., all in Washington, D.C.

9. The Social Security Administration ("SSA"), an independent agency within the United States government, administered programs under the Social Security Act, Title 42, United States Code Section, 401 et seq. ("the Act"). Under Title II of the Act, the Old-Age, Survivors, and Disability Insurance ("OASDI") program provided monthly benefit funds to qualified retired and disabled workers and their dependents and to survivors of insured workers. Eligibility and benefit amounts were determined by the worker's contributions to Social Security. Under Title XVI of the Act, pursuant to Title 42, United States Code, Section 1381 *et seq.* qualifying individuals received monthly benefit funds under the Supplemental Security Income for the Aged, Blind, and Disabled ("SSI") and related programs. Funds from the SSA programs are described herein as "SSA benefit funds" and the intended recipients as "beneficiaries."

10. Monthly SSA benefit funds were sent to beneficiaries by direct deposit to a designated account or by mailing a check issued by the United States Department of the Treasury ("Treasury") to the beneficiary's last known address via the United States Postal Service.

11. A Representative Payee ("Representative Payee") was an individual or entity that applied to the SSA to receive SSA benefit funds on behalf of a SSA beneficiary. A SSA Representative Payee had a duty to use SSA benefits solely on behalf of the beneficiary and, except for certain circumstances, could not receive a fee for administering SSA benefits.

12. The SSA guidance to Representative Payees stated that a Representative Payee should keep and maintain SSA benefit funds in a bank account separate from the Representative Payee's own accounts and not mix the beneficiary's funds with that of the Representative Payee.

13. A SSA Representative Payee had a duty to provide SSA with an annual report and supporting documentation regarding how a beneficiary's funds were spent or saved by the Representative Payee.

14. The United States Department of Veterans Affairs was a government agency which served the needs of American veterans, including providing government benefit funds through its Veterans Benefits Administration ("VA").

15. The VA provided monthly VA benefit funds to VA beneficiaries through direct deposit into a designated account or by mailing a United States Treasury check to a beneficiary's last known address via the United States Postal Service.

## COUNTS ONE THROUGH TWELVE
### (Mail Fraud)

16. Paragraphs 1 through 15 of this Indictment are incorporated.

### The Scheme to Defraud

17. Beginning on or about March 19, 2009 through on or about February 23, 2020, in the District of Columbia and elsewhere, defendant ROSEMARY OGBENNA, with the intent to defraud, devised and intended to devise a scheme to defraud the government and government beneficiaries and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

### The Purpose and Goal of the Scheme

18. It was a purpose and goal of the scheme that defendant ROSEMARY OGBENNA enrich herself by obtaining and using SSA and VA benefit funds – which were intended for the care of elderly, mentally ill, disabled, and veteran beneficiaries – for her own personal use and benefit.

### The Manner and Means

It was part of the scheme that:

19. Beginning from at least 2009, defendant ROSEMARY OGBENNA obtained tenants for Senior Dwelling's rooming houses, sometimes through solicitation of referrals from nursing homes and homeless shelters.

20. Defendant ROSEMARY OGBENNA obtained and maintained control over SSA benefit funds of some of those tenants as a Representative Payee. Among other things:

   a. Beginning on or about March 19, 2009 through on or about June 21, 2018, defendant ROSEMARY OGBENNA submitted applications to the SSA for Senior Dwelling to be declared the Representative Payee for over forty vulnerable and/or elderly individuals, that is, beneficiaries who were entitled to receive monthly SSA benefit funds. As a result of those applications, Senior Dwelling became the Representative Payee for most of those beneficiaries.

   b. Between on or about December 30, 2010, through on or about March 3, 2020, defendant ROSEMARY OGBENNA and Senior Dwelling, as Representative Payee, received approximately $1.4 million in SSA benefit funds.

   c. Defendant ROSEMARY OGBENNA communicated with the SSA on behalf of Senior Dwelling relating to government benefit funds issued in the names of Senior Dwelling residents and former residents.

21. Because Senior Dwelling was the Representative Payee of SSA benefit funds, defendant ROSEMARY OGBENNA was required to use the SSA funds solely for the benefit of the individual SSA beneficiaries and to place any remaining funds into savings for future use by the beneficiaries. Instead, defendant ROSEMARY OGBENNA used a portion of the SSA benefit funds for her personal use and benefit contrary to her duties as a Representative Payee.

22. Defendant ROSEMARY OGBENNA obtained and maintained control over VA benefit funds of some of Senior Dwelling tenants. That is, between on or about November 1,

2011 through on or about February 23, 2020, defendant ROSEMARY OGBENNA obtained control over VA benefit funds issued in the names of VA beneficiaries totaling at least $170,000, through either direct deposit of VA benefits funds into accounts under her control or the deposit of VA checks into bank accounts under her control.

23. Although the VA benefit funds were not hers, and were not for her use and benefit, defendant ROSEMARY OGBENNA used a portion of the VA benefit funds for her personal use and benefit without authority.

24. To continue to receive SSA benefit and VA benefit funds, defendant ROSEMARY OGBENNA submitted false documentation to the SSA and failed to provide material information to the SSA and the VA. Among other things:

    a. Defendant ROSEMARY OGBENNA submitted false documentation to SSA for the purpose of receiving and continuing to receive SSA benefits of behalf of SSA beneficiaries.

    b. Defendant ROSEMARY OGBENNA failed to notify and submit documentation to SSA and the VA when government beneficiaries were no longer residents of a Senior Dwelling residence.

    c. Defendant ROSEMARY OGBENNA failed to keep and submit to SSA supporting documents and records demonstrating how she used government benefit funds on behalf of government beneficiaries.

    d. For some SSA beneficiaries, defendant ROSEMARY OGBENNA submitted Representative Payee annual reports to SSA, which falsely indicated that all SSA funds were spent for the benefit and care of government beneficiaries, when, in fact, defendant ROSEMARY OGBENNA spent some of the funds on herself and others.

25. Defendant ROSEMARY OGBENNA comingled SSA and VA benefit funds in Senior Dwelling's bank accounts. Defendant ROSEMARY OGBENNA failed to obtain and maintain separate accounts for government benefit funds and for individual beneficiaries.

26. From on or about March 19, 2009 through on or about February 23, 2020, defendant ROSEMARY OGBENNA failed to save any government benefit funds on behalf of beneficiaries.

27. Instead of using government benefit funds solely for the care of beneficiaries, defendant ROSEMARY OGBENNA used government benefit funds to, amongst other things, pay for her daily living expenses, the mortgages for real properties, and for the purchase of a real property for the benefit of another individual. Among other things:

 a. Between in or about January 2011 through in or about October 2018, defendant ROSEMARY OGBENNA transferred at least $302,000 in government benefit funds from Senior Dwelling's bank accounts to her personal accounts.

 b. During that same period of time, at least $430,000 in cash was withdrawn from Senior Dwelling's bank accounts.

28. Defendant ROSEMARY OGBENNA obtained and spent government benefit funds on herself and persons other than the intended beneficiaries, including as follows:

 a. <u>BENEFICIARY No. 1.</u> On or about April 16, 2012, defendant ROSEMARY OGBENNA applied to the SSA for Senior Dwelling to be the Representative Payee for a SSA beneficiary, "Beneficiary No. 1."

 b. Between on or about August 12, 2012, through on or about September 4, 2012, defendant ROSEMARY OGBENNA received retroactive SSA benefit funds for Beneficiary No. 1 for the period of time from 1986 to 2012, which totaled approximately

$393,305. Defendant ROSEMARY OGBENNA did not spend or save Beneficiary No. 1's retroactive SSA funds for the benefit of Beneficiary No. 1. Instead, ROSEMARY OGBENNA spent the entire amount, primarily for herself or others.

c. On or about June 3, 2013, through on or about January 17, 2014, defendant ROSEMARY OGBENNA transferred approximately $302,000 of Beneficiary No. 1's retroactive SSA funds from Senior Dwelling's BOA account no. xxx2789 to defendant ROSEMARY OGBENNA's personal BOA account no. xxx8980.

d. On or about September 3, 2013, defendant ROSEMARY OGBENNA transferred approximately $95,000 of Beneficiary No. 1's retroactive benefit funds from her BOA account no. xxx8980 to a settlement company to pay the purchase price of the sale of real property for the benefit of another person.

e. From in or about June 2012 to in or about June 2017, SSA also provided Senior Dwelling approximately $108,579 in ongoing SSA benefit funds for Beneficiary No. 1's housing and care. Between in or about July 2013 and in or about May 2017, ROSEMARY OGBENNA submitted false Representative Payee annual reports to SSA claiming that Senior Dwelling spent all of those funds for the housing and care of Beneficiary No. 1. In fact, from at least 2015 through 2017, Beneficiary No. 1 was no longer living in a Senior Dwelling residence and did not receive any of the SSA benefit funds that were provided to Senior Dwelling during that time period, which totaled approximately $54,299.

f. <u>BENEFICIARY No. 2.</u> Beginning on or about October 1, 2012 through on or about October 1, 2018, defendant ROSEMARY OGBENNA caused VA benefit funds to be issued to Beneficiary No. 2, that were direct deposited into a Senior Dwelling BOA bank account controlled by defendant ROSEMARY OGBENNA. Beginning on or about November

29, 2018 through on or about February 23, 2020, defendant ROSEMARY OGBENNA deposited VA checks made payable to Beneficiary No. 2, totaling approximately $12,958, into Senior Dwelling bank accounts.

        g.     Defendant ROSEMARY OGBENNA used at least a portion of those VA benefit funds intended for Beneficiary No. 2 for OGBENNA's own personal benefit.

        h.     Defendant ROSEMARY OGBENNA continued to receive and use Beneficiary No. 2's VA benefit funds, despite the fact that Beneficiary No. 2 ceased to reside at a Senior Dwelling residence sometime in or about 2013.

        i.     <u>BENEFICIARY No. 3.</u>  On or about March 19, 2009, ROSEMARY OGBENNA filed an application with the SSA on behalf of Senior Dwelling to become Beneficiary No. 3's Representative Payee.  Between on or about February 1, 2011, through in or about November 2016, Senior Dwelling received Beneficiary No. 3's SSA benefit funds in the amount of approximately $48,852.  Beginning in or about March 2016, Beneficiary No. 3 left Senior Dwelling and did not return.  Senior Dwelling continued to receive Beneficiary No. 3's SSA benefits until in or about November 2016.

        j.     Defendant ROSEMARY OGBENNA used at least a portion of those SSA benefit funds intended for Beneficiary No. 3 for OGBENNA's own personal benefit.

        k.     Between on or about February 1, 2011, through on or about February 23, 2020, defendant ROSEMARY OGBENNA caused all of Beneficiary No. 3's VA benefit funds to be deposited into Senior Dwelling bank accounts, which totaled approximately $77,651.

        l.     Defendant ROSEMARY OGBENNA also used at least a portion of those VA benefit funds intended for Beneficiary No. 3 for OGBENNA's own personal benefit.

m. BENEFICIARY No. 4. Beginning on or about January 3, 2011, and continuing through February 3, 2017, defendant ROSEMARY OGBENNA caused Senior Dwelling to be Beneficiary No. 4's SSA Representative Payee. As a result, Beneficiary No. 4's SSA benefits which totaled approximately $37,094 were directly deposited into a Senior Dwelling bank account.

n. Between on or about November 30, 2012, through on or about September 29, 2017, defendant ROSEMARY OGBENNA caused Beneficiary No. 4's VA benefit funds to be deposited into a Senior Dwelling's bank account, totaling approximately $28,120. Defendant ROSEMARY OGBENNA continued to receive and use Beneficiary No. 4's VA benefits even though Beneficiary No. 4 no longer lived at a Senior Dwelling residence from at least on or about February 1, 2017 through on or about September 29, 2017.

o. Defendant ROSEMARY OGBENNA used at least a portion of those SSA benefit and VA benefit funds intended for Beneficiary No. 4 for OGBENNA's own personal benefit.

p. BENEFICIARY No. 5. On or about June 13, 2011, ROSEMARY OGBENNA applied to SSA on behalf of Senior Dwelling to be the Representative Payee for Beneficiary No. 5. Between on or about July 1, 2011, through on or about June 30, 2012, Senior Dwelling received approximately $61,062 in SSA benefit funds for Beneficiary No. 5.

q. On or about August 24, 2012, defendant ROSEMARY OGBENNA submitted to SSA a Representative Payee Annual Report with no supporting documentation in which she falsely reported that Beneficiary No. 5's food and housing cost the previous year was $30,000, and that Senior Dwelling spent an additional $31,062, on clothing, education, medical and dental expenses for Beneficiary No. 5 during that same year.

r.   In fact, defendant ROSEMARY OGBENNA used at least part of those SSA benefit funds intended for Beneficiary No. 5 for OGBENNA's own personal benefit.

s.   <u>BENEFICIARY No. 6.</u>  Beginning on or about November 3, 2015, ROSEMARY OGBENNA caused Beneficiary No. 6 (who was a SSA beneficiary, but his own payee) to schedule a recurring automatic payment of $800 per month to a Senior Dwelling bank account to pay for Beneficiary No. 6's rent at a Senior Dwelling's residence.

t.   On or about May 9, 2017, Beneficiary No. 6 left Senior Dwelling.  Even though Beneficiary No. 6 was no longer a Senior Dwelling resident defendant ROSEMARY OGBENNA failed to notify Beneficiary No. 6's bank and SSA to cease the rent payments.

u.   On or about October 7, 2017, Beneficiary No. 6 died.  Senior Dwelling continued to receive payments from Beneficiary No. 6's account between May 2017 until on or about November 8, 2017, totaling approximately $5,600, which defendant ROSEMARY OGBENNA used for her personal benefit.

### Execution of the Scheme

29.   On or about the dates set forth below, in the District of Columbia and elsewhere, for the purpose of executing and attempting to execute the scheme to defraud, defendant ROSEMARY OGBENNA knowingly caused to be delivered by mail, that is, by the United States Postal Service and by private and commercial interstate carrier, according to the direction thereon, the following matters, that is, correspondence between SSA and Senior Dwelling regarding Senior Dwelling's role as Representative Payee of SSA beneficiaries:

| Count | On or About Date | Description |
|---|---|---|
| 1 | November 25, 2016 | Letter from SSA to Senior Dwelling re: Beneficiary No. 1 |
| 2 | July 7, 2017 | Letter from SSA to Senior Dwelling re: Beneficiary No. 1 |

| 3 | November 21, 2016 | Letter from SSA to Senior Dwelling re: Beneficiary No. 3 |
| --- | --- | --- |
| 4 | February 7, 2017 | Letter from SSA to Senior Dwelling re: Beneficiary No. 4 |
| 5 | May 3, 2017 | Letter from SSA to Senior Dwelling re: Beneficiary No. 4 |
| 6 | September 12, 2018 | Letter from SSA to Senior Dwelling re: Beneficiary No. 4 |
| 7 | October 11, 2018 | Letter from SSA to Senior Dwelling re: Beneficiary No. 4 |
| 8 | November 13, 2018 | Letter from SSA to Senior Dwelling re: Beneficiary No. 4 |
| 9 | December 12, 2017 | Letter from SSA to Senior Dwelling re: Beneficiary No. 5 |
| 10 | January 28, 2018 | Letter from SSA to Senior Dwelling re: Beneficiary No. 5 |
| 11 | November 13, 2018 | Letter from SSA to Senior Dwelling re: Beneficiary No. 5 |
| 12 | May 16, 2019 | Letter from SSA to Senior Dwelling re: Beneficiary No. 5 |

**(Mail Fraud in Violation of Title 18, United States Code, Section 1341)**

**COUNTS THIRTEEN THROUGH TWENTY-SIX**
**(Wire Fraud)**

The Grand Jury further charges that:

30. Paragraphs 1 through 15 and 17 through 28 of this Indictment are incorporated.

31. Beginning in or about March 19, 2009 through on or about February 23, 2020, in the District of Columbia and elsewhere, defendant ROSEMARY OGBENNA devised and intended to devise a scheme to defraud the government and government beneficiaries and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, all as described in Paragraphs 17 through 28.

12

32.     On or about the dates set forth below, in the District of Columbia and elsewhere, defendant ROSEMARY OGBENNA, for the purpose of executing and attempting to execute the scheme to defraud the government and government beneficiaries, transmitted and caused to be transmitted by means of wire communications in interstate commerce the following writings, signs, signals, pictures, and sounds, each transmission constituting a separate count:

| Count | On or About Date | Description |
|---|---|---|
| 13 | November 29, 2018 | An interstate wire signal originating from the District of Columbia generated by the deposit of VA check issued to Beneficiary No. 2 in the amount of $54.00 into Senior Dwelling's PNC account no. xxx8844 |
| 14 | November 29, 2018 | An interstate wire signal originating from the District of Columbia generated by the deposit of VA check issued to Beneficiary No. 3 in the amount of $735.00 into Senior Dwelling's PNC account no. xxx9898 |
| 15 | June 13, 2019 | An interstate wire signal originating from the District of Columbia generated by the deposit of VA check issued to Beneficiary No. 2 in the amount of $55.00 into Senior Dwelling's TD account no. xxx4981 |
| 16 | June 13, 2019 | An interstate wire signal originating from the District of Columbia generated by the deposit of VA check issued to Beneficiary No. 3 in the amount of $756.00 into Senior Dwelling's TD account no. xxx4999 |
| 17 | July 11, 2019 | An interstate wire signal originating from the District of Columbia generated by the deposit of VA check issued to Beneficiary No. 2 in the amount of $55.00 into Senior Dwelling's TD account no. xxx4999 |
| 18 | July 11, 2019 | An interstate wire signal originating from the District of Columbia generated by the deposit of VA check issued to Beneficiary No. 3 in the amount of $756.00 into Senior Dwelling's TD account no. xxx4999 |
| 19 | August 12, 2019 | An interstate wire signal originating from the District of Columbia generated by the deposit of VA check issued to Beneficiary No. 2 in the amount of $55.00 into Senior Dwelling's TD account no. xxx4999 |
| 20 | August 12, 2019 | An interstate wire signal originating from the District of Columbia generated by the deposit of VA check issued to Beneficiary No. 3 in the amount of $756.00 into Senior Dwelling's TD account no. xxx4999 |
| 21 | September 11, 2019 | An interstate wire signal originating from the District of Columbia generated by the deposit of VA check issued to Beneficiary No. 2 in the amount of $55.00 into Senior Dwelling's TD account no. xxx4981 |

| 22 | September 11, 2019 | An interstate wire signal originating from the District of Columbia generated by the deposit of VA check issued to Beneficiary No. 3 in the amount of $756.00 into Senior Dwelling's TD account no. xxx4981 |
| --- | --- | --- |
| 23 | September 27, 2019 | An interstate wire signal originating from the District of Columbia generated by the deposit VA check issued to Beneficiary No. 2, in the amount of $55.00 into Senior Dwelling's TD Bank account no. xxx4999 |
| 24 | September 27, 2019 | An interstate wire signal originating from the District of Columbia generated by the deposit of VA check issued to Beneficiary No. 3, in the amount of $ 756.00 into Senior Dwelling's TD Bank account no. xxx4999 |
| 25 | January 15, 2020 | An interstate wire signal originating from the District of Columbia generated by the deposit of VA checks issued to Beneficiary No. 2, in the amount of $55.00 into Senior Dwelling's TD Bank account no. xxx4999 |
| 26 | January 15, 2020 | An interstate wire signal originating from the District of Columbia generated by depositing two VA checks issued to Beneficiary No. 3, in the amount of $756.00 into Senior Dwelling's TD Bank account no. xxx4999 |
| 27 | January 15, 2020 | An interstate wire signal originating from the District of Columbia generated by the deposit of VA checks issued to Beneficiary No. 2, in the amount of $56.00 into Senior Dwelling's TD Bank account no. xxx4999 |
| 28 | January 15, 2020 | An interstate wire signal originating from the District of Columbia generated by depositing two VA checks issued to Beneficiary No. 3, in the amount of $768.00 into Senior Dwelling's TD Bank account no. xxx4999 |

**(Wire Fraud, in Violation of Title 18, United States Code, Section 1343)**

### COUNT TWENTY-NINE
### (Theft of Government Property)

The Grand Jury further charges that:

33.     Paragraphs 1 through 15 and 17 through 28 of this Indictment are incorporated.

15

34.     Between on or about November 16, 2016 through on or about February 23, 2020, in the District of Columbia and elsewhere, defendant ROSEMARY OGBENNA, did willfully and knowingly steal, purloin, and convert for her own use or for the use of another, money of the Social Security Administration ("SSA") and the Veteran's Administration ("VA"), a department or agency of the United States, SSA and VA benefit funds intended for the benefit of government beneficiaries, to which she knew she was not entitled, having a value exceeding $1,000.

**(Theft of Government Property, in violation of Title 18, United States Code, Section 641)**

## COUNT THIRTY
**(Representative Payee Fraud)**

The Grand Jury further charges that:

35.     Paragraphs 1 through 15 and 17 through 28 of this Indictment are incorporated.

36.     Between on or about April 16, 2012 and continuing through in or about May 2017, in the District of Columbia and elsewhere, defendant ROSEMARY OGBENNA, having made application under Title 42, Chapter 7, Subchapter II of the United States Code to receive Social Security benefits payments from the Social Security Administration ("SSA") as Representative Payee for the use and benefit of another, that is, Beneficiary No. 1, and having received such SSA payments, knowingly and willfully converted a portion of the payments for her own use rather than for the use and benefit of Beneficiary No. 1. Specifically, while acting as Representative Payee for Beneficiary No. 1, defendant ROSEMARY OGBENNA converted to her own use Social Security benefit payments made to Senior Dwelling Inc. on behalf of

16

Beneficiary No. 1, and by such action obtained at least $393,000 in benefits payments to which she knew that she was not entitled.

**(Social Security Representative Fraud, in Violation of Title 42, United States Code, Section 408(a)(5))**

## COUNT THIRTY-ONE THROUGH COUNT THIRTY-TWO
(Aggravated Identity Theft)

The Grand Jury further charges that:

37. Paragraphs 1 through 15 and 17 through 28 of this Indictment are incorporated.

38. On or about the dates listed below, within the District of Columbia and elsewhere, defendant ROSEMARY OGBENNA, did knowingly transfer, possess, and use the means of identification of another person, to wit, the name and purported signature of Beneficiaries Nos. 2 and 3, knowing that the persons were real persons, without lawful authority, during and in relation to certain offenses, to wit, wire fraud, in violation of 18 U.S.C. § 1343, as alleged in Counts Thirteen and Fourteen of this Indictment.

| Count | On or about Date | Description |
| --- | --- | --- |
| 31 | November 29, 2018 | Depositing VA check with forged signature for Beneficiary No. 2 into a PNC bank account |
| 32 | November 29, 2018 | Depositing VA check with forged signature for Beneficiary No. 3 into a PNC bank account |

**(Aggravated Identity Theft, in violation of 18 United States Code, Section 1028A(a)(1), (c)(1))**

## COUNT THIRTY-THREE
(Making a False Statement)

The Grand Jury further charges that:

39. On or about November 21, 2019, the Social Security Administration Office of

Inspector General ("SSA-OIG"), the Veteran's Affairs Office of Inspector General ("VA-OIG"), and the Office of the Special Inspector General for the Troubled Asset Relief Program ("SIGTARP"), all of which were part of the Executive Branch of the government of the United States, acting within a matter within their jurisdiction, were investigating defendant ROSEMARY OGBENNA in connection with her activities involving Senior Dwelling and SDSS.

40. On or about November 21, 2019, in the District of Columbia, defendant ROSEMARY OGBENNA was interviewed by law enforcement agents from SSA-OIG, VA-OIG, and SIGTARP relating to their investigation.

41. On or about November 21, 2019, in the District of Columbia, defendant ROSEMARY OGBENNA, in a matter within the jurisdiction of the executive branch of the government of the United States, did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation, in that she told federal law enforcement agents that after Senior Dwelling received approximately $393,000 in retroactive payments for Beneficiary No. 1, she gave Beneficiary No. 1 a check for close to that amount. That statement was false.

42. In fact, after Senior Dwelling's Bank of America bank account received four SSA payments totaling approximately $393,000 in Beneficiary No. 1's retroactive benefits, defendant ROSEMARY OGBENNA never provided those SSA benefits to Beneficiary No. 1. Instead, defendant ROSEMARY OGBENNA used and transferred the funds to accounts under her control for her personal benefit and later transferred some of the funds for the benefit of others.

**(Making a False Statement in Violation of Title 18, United States Code, Section 1001(a)(2))**

## COUNT THIRTY-FOUR
### (Tampering with Documents)

The Grand Jury further charges that:

43. On or between January 16, 2020 and on or about February 7, 2020, in the District of Columbia, defendant ROSEMARY OGBENNA, did corruptly alter, destroy, mutilate, and conceal documents, that is, bank records and lease agreements, and attempted to do so, with the intent to impair their integrity and availability for use in an official proceeding, that is, a Grand Jury sitting in the District Court for the District of Columbia.

**(Tampering with Documents, in Violation of Title 18, United States Code, Section 1512(c)(1))**

## COUNT THIRTY-FIVE
### (First Degree Theft)

The Grand Jury further charges that:

44. Paragraphs 1 through 15 and 17 through 28 are incorporated.

45. Beginning at least on or about November 16, 2016, and continuing to on or about February 23, 2020, in the District of Columbia and elsewhere, defendant ROSEMARY OGBENNA wrongfully obtained and used property of another, to wit, government benefit funds in a value exceeding $1,000, with the intent to deprive the United States and government beneficiaries of the right and benefit of the property and to appropriate the property to her own use.

**(Theft in the First Degree, in violation of Title 22, District of Columbia Code, Sections 3211, 3212(a) 3212(a), 3571.01)**

### FORFEITURE ALLEGATION

1. Upon conviction of the offense alleged in Count One through Count Twenty-Nine of this Indictment, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to these offenses, pursuant to Title 18,

United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c). The United States will also seek a forfeiture money judgment against the defendant equal to the value of any property, real or personal, which constitutes or is derived from proceeds traceable to these offenses.

2. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third party;
   c. has been placed beyond the jurisdiction of the Court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p).

**(Criminal Forfeiture, pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United Sates Code, Section 2461(c), and Title 21, United States Code, Section 853(p))**

A TRUE BILL:


FOREPERSON


*Matthew M. Graves/jph*
ATTORNEY FOR THE UNITED STATES IN
AND FOR THE DISTRICT OF COLUMBIA