UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> v. <br><br> **ROSEMARY OGBENNA**, <br><br> Defendant. | Case No. 1:21-cr-672 (TNM) |

### MEMORANDUM ORDER

Rosemary Ogbenna filed a motion to vacate the Protective Order entered in this case. Mot. to Vacate Protective Order (Mot.), ECF No. 46. The Government opposes her request. Opp'n to Mot. (Opp'n), ECF No. 47. For the reasons stated below, the Court will deny the motion and leave the Protective Order in place.

A bit of background frames the parties' dispute. Ogbenna was indicted on and pleaded guilty to charges concerning a multi-year scheme to defraud the Social Security Administration, the Department of Veteran's Affairs, and their beneficiaries. Statement of Offense ¶ 17, ECF No. 23; Plea Agreement, ECF No. 22. Ogbenna used her victims' personal identification information (PII) to perpetrate her fraudulent scheme. Consent Mot. for Protective Order at 4–6, ECF No. 10. She specifically used her elderly tenants' PII to funnel payments intended for them to herself. *Id.* This meant PII permeated the discovery in this case. Given the sheer amount of sensitive information, the difficulty of redacting it, and Ogbenna's past misuse of that information, the Government requested a Protective Order. *Id.* And Ogbenna consented. *Id.* at 2.

The Court then granted the Government's consent motion and entered a Protective Order. Protective Order, ECF No. 11. The Order required defense counsel to supervise Ogbenna's viewing of all discovery materials containing unredacted PII, and it forbade defense counsel

from giving Ogbenna copies of such sensitive materials.  *Id.* ¶¶ 8–10.  The justification for these restrictions was simple:  Ogbenna could not have unsupervised access to, nor could she possess, the PII she used to steal from her victims and defraud federal agencies.  Consent Mot. Protective Order at 4–6.

Ogbenna now takes aim at the supervision requirement and possession bar.  Without citing any authority, she argues she is entitled to "her entire case file because: 1) it is her property; and 2) to potentially pursue post-conviction relief."  Mot. at 2.  Neither argument constitutes a sufficient basis to vacate the Protective Order.

To start, Ogbenna wrongly suggests she has some personal ownership interest in the unredacted discovery.  In fact, the Protective Order contains a sunset provision on Ogbenna's use of the unredacted materials.  It says those materials may be used "solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceedings, without further order of this Court."  Protective Order ¶ 1.  And it requires Ogbenna to destroy or return all such materials "[u]pon conclusion of all stages of this case."  *Id.* ¶ 14.  This is no grant of ownership to her.  Now, Ogbenna has pleaded guilty to two criminal counts.  *See* Plea Agreement.  She was sentenced.  *See* Minute Entry (Feb. 28, 2023).  And she filed no appeal.  So even her limited right of supervised access to the unredacted discovery has likely expired.

Nor does the remote specter of a post-conviction proceeding grant Ogbenna unfettered access to these sensitive materials.  Ogbenna has not filed any claim seeking post-conviction relief under 28 U.S.C. § 2255, nor has she identified any factual allegations that could justify such relief.  Even assuming Ogbenna filed a § 2255 petition, she would not be "entitled to discovery as a matter of ordinary course."  *Bracy v. Gramley*, 520 U.S. 899, 904 (1997).  She would need to establish "good cause" backed by "specific allegations" showing "reason to

believe that [she] may, if the facts are fully developed, be able to demonstrate that [she] is . . . entitled to relief." *Id.* at 908–09 (citation omitted); *see also* Rule 6(a) of the Rules Governing Section 2255 Proceedings for the U.S. District Courts (Habeas Rules) (1977).  So Ogbenna's unadorned reference to "potential[]" post-conviction proceedings does not entitle her to unprecedented access to the sensitive discovery in this case.  Mot. at 2.

In any event, Ogbenna has not shown good cause to modify or vacate the Protective Order.  *Infineon Techs. AG v. Green Power Techs. Ltd.*, 247 F.R.D. 1, 2 (D.D.C. 2005).  Good cause in this context typically requires a change in circumstances that obviates the underlying justification for the protective order.  *See id.*  And even when a party makes this showing, the Court has a great deal of "discretion in determining whether to modify the protective order." *Doe I v. Exxon Mobil Corp.*, 2015 WL 13926389, at *3 (D.D.C. Nov. 19, 2015); *cf. EEOC v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1047 (D.C. Cir. 1998) ("It is undisputed that a district court retains the power to modify or lift protective orders that it has entered." (citation omitted)).

Ogbenna has not identified any change in circumstances that undercuts the initial justification for the restrictions.  Again, the Protective Order contained those provisions to keep Ogbenna away from her victims' PII—the very information she used to perpetrate her crimes.  Consent Mot. Protective Order at 4–6.  That justification persists.  Ogbenna complains that distance and logistics make it hard for her to view PII-laced discovery because she is incarcerated in Texas and her current counsel is in Washington, D.C.  Mot. at 2.  But given the sunset provision discussed above, *see* Protective Order ¶ 14, Ogbenna has *no right* to view the protected material now, unless she files a § 2255 petition and prevails on a motion for post-conviction discovery.  *See Bracy*, 520 U.S. at 904; Habeas Rule 6(a).

For these reasons, it is hereby

**ORDERED** that Ogbenna's [46] Motion to Vacate the Protective Order is DENIED.

**SO ORDERED**.

Dated:  November 8, 2023                                       TREVOR N. McFADDEN, U.S.D.J.