**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| **UNITED STATES OF AMERICA** |
| v. |
| **ROSEMARY OGBENNA**, |
| Defendant. |

Case No. 1:21-cr-00672

**MEMORANDUM ORDER**

Defendant Rosemary Ogbenna defrauded the federal government and some of our most vulnerable citizens of large sums of money and lied about it.  In connection with that crime, she pled guilty on charges of mail fraud and making a false statement.  Now, she alleges ineffective assistance of counsel related to her plea.  Ogbenna contends that her attorney incorrectly assured her that an obstruction of justice enhancement would not apply in her case.  She claims that had she known the enhancement could apply, she would have gone to trial instead.

But the record tells a different story.  Ogbenna repeatedly confirmed that she understood it was this Court's independent decision about which sentencing enhancements to apply.  More, she faced a significantly higher sentence had she gone to trial and has given no indication that she would have had a viable defense at trial.  In short, there is no reason to believe that Ogbenna would have gone to trial.  Thus, she has not shown the requisite prejudice necessary to succeed on an ineffective-assistance-of-counsel claim, and the Court denies her motion.

**I.**

In June 2022, Rosemary Ogbenna pled guilty to mail fraud in violation of 18 U.S.C. § 1341 and making a false statement in violation of 18 U.S.C. § 1001(a)(2). Judgment, ECF No. 44, at 1.  Her scheme involved redirecting her tenants' Social Security and Veterans Affairs payments directly into bank accounts that she controlled.  Statement Offenses, ECF No. 23, at 3–

11. And her coverup strategy involved lying to federal officers about said scheme. *Id.* at 12. She initially faced 35 charges, but the Government agreed to drop 33 of them in exchange for her guilty plea. *See* Plea Agreement, ECF No. 22, at 2; Indictment, ECF No. 1, at 4–19.

In the plea agreement, the Government estimated that Ogbenna's Sentencing Guidelines range would be either 33–41 months or 41–51 months depending on which sentencing enhancements applied. Plea Agreement at 3–5. The main uncertainty was whether an enhancement for substantial victim hardship applied. *See id.* at 3. Still, the plea agreement noted that the parties' estimates were "not binding on the Probation Office or the Court." Plea Agreement at 5.

This caveat proved prescient, as the Probation Office saw things differently. In the Presentence Investigation Report ("PSR"), it recommended applying both the substantial hardship enhancement recommended by the Government, as well as an obstruction of justice enhancement that the Government had not requested. *See* Sentencing Hr'g Tr., ECF No. 51, at 6:01–6:10, 6:21–07:02 (discussing the PSR); PSR, ECF No. 32, ¶¶ 67, 76. In fact, neither party had anticipated the use of the obstruction enhancement. *See* Sentencing Hr'g Tr. at 12:06–12:09. Under the Probation Office's calculations, Ogbenna's Guidelines range was 51–63 months. PSR ¶ 132.

In the end, the Court came out "where the Government recommend[ed]" in terms of the overall Guidelines range "but for different reasons." Sentencing Hr'g Tr. at 13:25–14:02; *see also id.* at 18:10–18:19. The Court applied the obstruction enhancement but not the substantial hardship enhancement. Sentencing Hr'g Tr. at 12:22–12:25, 13:13–13:23. This resulted in a Guidelines range of 41–51 months—the same range the Government forecasted in the plea agreement. *Id.* at 14:02–14:05; Plea Agreement at 5. The Court granted a downward variance

and ultimately imposed 32-month concurrent sentences for the two counts followed by 36 months of supervised release. *See* Sentencing Hr'g Tr. at 38:15–38:18 (discussing the variance); Judgment at 2–3.

Ogbenna now moves to vacate her sentence under 28 U.S.C. § 2255 based on ineffective assistance of counsel. Mot. Vacate, ECF No. 53-1, at 5–6. She says that her attorney told her the obstruction of justice enhancement would not apply. *Id.* Had she known it would apply, she contends that she would not have pled guilty. *Id.* at 7–8. In support, she submitted a declaration stating as much. *See* Decl., ECF No. 53-2, at 2–3. Ogbenna separately moves for a sentence reduction under 18 U.S.C. § 3582(c)(2), claiming that an amendment to the Sentencing Guidelines affects her case. *See* Mot. Sentence Reduction, ECF No. 63, at 1. Since filing these motions, Ogbenna was released from prison and remains on supervised release. *See* Probation Petition, ECF No. 65, at 1 (dating the start of supervised released as February 25, 2025).[1] The Court turns to her motions now.

## II.

A court may "vacate, set aside or correct the sentence" under § 2255 if the sentence was "imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Defendants can use this statute to challenge the validity of their guilty pleas by alleging ineffective assistance of counsel. *See In re Sealed Case*,

---

[1] Ogbenna was released from custody in February 2025 and remains on supervised release, but her release does not moot either her motion to vacate under 28 U.S.C. § 2255 or her sentence reduction motion under 18 U.S.C. § 3582(c)(2). *See United States v. Cooper*, 725 F.2d 756, 758 (D.C. Cir. 1984) (per curiam) (holding that a 28 U.S.C. § 2255 ineffective assistance of counsel claim is not mooted by release); *United States v. Epps*, 707 F.3d 337, 345 (D.C. Cir. 2013) (holding that a sentence reduction motion under 18 U.S.C. § 3582(c)(2) is not mooted by release because if the present motion "led to an actual sentence reduction," that decision "would necessarily inform the district court's evaluation of a motion for termination or reduction of [one's] term of supervised release").

488 F.3d 1011, 1015 (D.C. Cir. 2007).  Indeed, alleging ineffective assistance of counsel is the *only* way a defendant can challenge a guilty plea she voluntarily entered into on the advice of counsel.  *See United States v. Rubio*, 677 F.3d 1257, 1261–62 (D.C. Cir. 2012).

To show ineffective assistance, a defendant must establish both that her counsel's advice fell "below an objective standard of reasonableness" and that there is a "reasonable probability" the bad advice prejudiced her.  *Strickland v. Washington*, 466 U.S. 668, 687–688, 694 (1984). "The defendant bears the burden of demonstrating both elements."  *United States v. Doost*, 3 F.4th 432, 437 (D.C. Cir. 2021).  Courts can address the requirements in either order, and failure to show either defeats the claim.  *See Strickland*, 466 U.S. at 697.

In the context of challenging a guilty plea, "the defendant can show prejudice by demonstrating a reasonable probability that, but for counsel's errors, [s]he would not have pleaded guilty and would have insisted on going to trial."  *Lee v. United States*, 582 U.S. 357, 364–65 (2017) (cleaned up).  A "reasonable probability" is "a probability sufficient to undermine confidence in" her decision to plead guilty.  *Strickland*, 466 U.S. at 694.

In applying these standards to motions by pro se litigants like Ogbenna, the Court liberally construes her filings.  *Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999).

### III.

Ogbenna's request fails on prejudice.  The record shows that she made a voluntary and well-informed choice to plead guilty, and she would not likely have opted for trial even if she knew with certainty that the obstruction enhancement would apply.

In determining whether a defendant would have insisted on trial, courts look not merely to the defendant's "*post hoc* assertions . . . about how [s]he would have pleaded" but to "contemporaneous evidence" to "substantiate [her] expressed preferences."  *Lee*, 582 U.S. at

369. As part of this evaluation, courts must also "consider not only the count[s] to which the defendant pled guilty, but also the other counts [s]he would have faced had [s]he gone to trial." *In re Sealed Case*, 488 F.3d at 1017. Finally, "[a]ny rational decision" on whether to go to trial "would have required a realistic assessment" of the defendant's chances of prevailing at trial. *Id.* at 1018 (cleaned up). Each of these considerations weighs against finding that Ogbenna would have gone to trial. Thus, she cannot show that she suffered prejudice from her counsel's allegedly deficient advice, so the Court denies her motion to vacate her sentence.

**A.**

Contemporaneous evidence shows that when pleading guilty, Ogbenna understood that the Court would independently decide which Guidelines to apply. *See Lee*, 582 U.S. at 369. In signing her plea agreement, Ogbenna certified that she "underst[oo]d[]" and "acknowledge[d]" that "the sentence to be imposed is a matter solely within the discretion of the Court." Plea Agreement at 6. And she recognized that "the Court is not obligated to follow any recommendation of the Government at the time of sentencing." *Id.* The plea agreement also warned that "neither the Government's recommendation nor the Sentencing Guidelines are binding on the Court." *Id.* Ogbenna further acknowledged that she had "no right to withdraw" her "plea of guilty should the Court impose a sentence that [was] outside the Guidelines range or if the Court [did] not follow the Government's sentencing recommendation." *Id.*

Then, at the plea hearing, Ogbenna verbally reiterated her understanding of these conditions. The Court warned her that the calculations in the plea agreement were "just an estimate" and that the Court would "ultimately decide what the guideline range is." *See* Plea Hr'g Tr., ECF No. 58-1, at 28:10–28:14; *see also United States v. Hanson*, 339 F.3d 983, 990 (D.C. Cir. 2003) (finding that such a warning "weakens the defendant's claim that th[e]

predictions [in a plea agreement] were at the root of [her] decision to plead guilty"). Before entering her guilty plea, Ogbenna expressly confirmed her understanding that the sentence imposed by the Court could differ from the estimates provided by her attorney and the Government. Plea Hr'g Tr. at 31:07–31:10 (Court: "Do you understand that the sentence that I impose under the guideline range may be different from any estimate that your attorney or the Government thinks it may be?" Ogbenna: "Yes, Your Honor."). And Ogbenna again acknowledged that she would "still be bound by [her] plea and [would] have no right to withdraw it" even if the sentence imposed were more severe than she expected. *Id.* at 31:15–31:17.

The Court takes Ogbenna at her word when she confirmed, under oath, that she understood her counsel's estimate of the Guidelines range was just that—an estimate. *See id.* at 28–29; *Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity."). The record brims with evidence that Ogbenna knew the Court—not the parties—ultimately controlled what Sentencing Guidelines would apply. And armed with that knowledge, she chose to plead guilty. Considering this ample evidence, her assertion that she would have gone to trial if she had known the Court would apply an additional Guideline enhancement rings hollow.

Resisting this conclusion, Ogbenna's claims that her attorney misled her before she accepted a plea by assuring Ogbenna "that she would not receive an obstruction of justice enhancement." Mot. at 2–3. The Court does not credit this claim. At her plea hearing, to repeat, the Court clarified more than once that neither the parties nor the Court would know "what the final guidelines range" would be until sentencing. Plea Hr'g Tr. at 28:10–28:11. And after clearly emphasizing that the Guidelines range at that point was "just an estimate," Ogbenna

confirmed that she understood. *Id.* at 28:20–28:21, 29:06. Nowhere in that exchange did either the Court, the Government, or Ogbenna mention an agreement prohibiting an obstruction of justice enhancement. To the contrary, in accepting her plea offer, Ogbenna confirmed that "absolutely no promises" had "been made" in connection with her guilty plea other than those in the agreement. Plea Agreement at 14. The Court also asked whether anyone made promises to Ogbenna about her guilty plea, and she again confirmed that no one had. Plea Hr'g Tr. at 33:13–33:16. The record belies Ogbenna's claim several times over. No one misled her into accepting a plea.

**B.**

Next, the Court considers the charges Ogbenna would have faced had she gone to trial. *See In re Sealed Case*, 488 F.3d at 1017. As the Supreme Court has explained, "a defendant facing . . . long odds [at trial] will rarely be able to show prejudice from accepting a guilty plea that offers [her] a better resolution than would be likely after trial." *Lee*, 582 U.S. at 367. Such is the case here. Ogbenna faced 35 charges when she agreed to plead guilty. *See* Indictment. In exchange for her plea, the Government agreed to drop 33 of them. Plea Agreement at 2. Collectively, the dropped charges would have exposed her to a significantly greater sentence than the terms of her plea agreement—even with the obstruction enhancement added.

The numbers are telling. The obstruction enhancement increased Ogbenna's Guidelines range by one year. *Compare* PSR ¶ 132 (estimating a Guidelines range of 51 to 63 months with the obstruction enhancement) *with* Plea Agreement at 5 (estimating Guidelines ranges of either 33 to 41 months or 41 to 51 months without the obstruction enhancement). But going to trial would have increased her potential sentence by far more. For instance, the dropped charges included Aggravated Identity Theft. That crime alone carries a two-year mandatory minimum

that must run consecutively to other sentences.  *See* 18 U.S.C. §§ 1028A(a)(1), (b).  So even *with* the obstruction enhancement, the plea deal was still far less risky for Ogbenna compared to trial. And that example involves only two of the 30-plus additional charges she would have faced. Thus, the comparatively favorable parameters of the plea deal further undercut Ogbenna's claim that she "would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Indeed, her post-trial sentence undoubtedly would have been less favorable than the sentence the Court actually imposed.  The Court ultimately sentenced Ogbenna to 32 months in prison, which is one month less than the most favorable estimate forecasted in her plea agreement.  *See* Plea Agreement at 5 (estimating a lowest Guidelines range point of 33 months); Judgment at 2.  It is not lost on the Court that Ogbenna is claiming prejudice from an outcome that was more favorable than that for which she bargained.  More, Ogbenna agreed that a sentence within this less favorable Guidelines range "would constitute a reasonable sentence." Plea Agreement at 5.

Even setting numbers aside, any "realistic assessment" of Ogbenna's odds at trial further lessen the likelihood that she would have rejected the plea agreement with the obstruction enhancement.  *In re Sealed Case*, 488 F.3d at 1018.  "Where a defendant has no plausible chance of an acquittal at trial, it is highly likely that [s]he will accept a plea if the Government offers one." *Lee*, 582 U.S. at 367.  Such is the case here.  The Government provided a robust Statement of Offense outlining what it would have proved had the case gone to trial.  *See* Statement Offense.  The evidence included, among other things, detailed financial records documenting Ogbenna's improper handling of funds.  *See id.* at 7–10 (discussing the evidence).  Ogbenna gives no reason to think those records are inaccurate or that she would have been able to refute

them at trial.  Indeed, at the plea hearing, she agreed they were accurate.  Plea Hr'g Tr. at 13:06–13:07.

More, she probably would still have received an obstruction enhancement had she gone to trial, because the Government intended to present evidence that she lied to investigators and destroyed evidence.  *See id.* at 11–12.  Again, Ogbenna gives no reason to think she could counter that evidence—much less enough to alter her calculus on whether to plead guilty or proceed to trial.  Indeed, Ogbenna does not suggest she had *any* defense to counter the Government's case.  "[D]efendants obviously weigh their prospects at trial in deciding whether to accept a plea."  *Lee*, 582 U.S. at 367.  And a guilty verdict at trial would have inevitably resulted in a substantially higher sentence.  *See supra*.  On these facts, there is no reason to think Ogbenna would have risked likely conviction at trial followed by a higher sentence rather than accept a plea deal with an obstruction enhancement.

Her entire claim of prejudice rests simply on her dissatisfaction with the obstruction enhancement, and she has not explained why she would have opted for trial.  *See* Mot. Vacate at 19–20.

* * *

In short, beyond Ogbenna's post-hoc assertions, none of the circumstances associated with her guilty plea suggest a "reasonable probability" that she would have gone to trial had she known the obstruction enhancement would apply.  *Hill*, 474 U.S. at 59.  Thus, she has not shown prejudice, and her claim fails.  Because the Court rejects Ogbenna's claim for failure to show prejudice, it need not assess whether her counsel's advice fell below an objective standard of reasonableness.  *See Strickland*, 466 U.S. at 697.  Nor is an evidentiary hearing on Ogbenna's claim necessary because "the motion and the files and records of the case conclusively show that

[she] is entitled to no relief." *United States v. Morrison*, 98 F.3d 619, 625 (D.C. Cir. 1996) (quoting 28 U.S.C. § 2255); *see also United States v. Sitzmann*, 893 F.3d 811, 832 (D.C. Cir. 2018) (per curiam) (no hearing required "where the record clearly shows that the defendant was not prejudiced").

## IV.

Ogbenna separately requests a certificate of appealability if the Court denies her motion. Mot. Vacate at 8. A certificate of appealability may issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). That question requires a showing that "jurists of reason would find it debatable whether the applicant states a valid claim of the denial of a constitutional right." *United States v. Arrington*, 763 F.3d 17, 23 (D.C. Cir. 2014). Ogbenna makes no arguments separate from the merits of her motion to vacate that would support a certificate of appealability. And for the reasons previously stated, the Court sees no merit in those claims and finds their resolution beyond debate. It accordingly denies Ogbenna's request for a certificate of appealability.

## V.

Turning to Ogbenna's motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), Ogbenna points to a Guidelines amendment offering a two-level decrease in offense level for offenders who, like her, lack criminal history points. *See* Amend. 821 (Part A), U.S.S.C. (eff. Nov. 1, 2023); U.S.S.G. 4C.1; Mot. for Sentence Reduction at 1. She argues that this Amendment calls for a lower sentence. Ogbenna "bear[s] the burden" in making that showing, *see United States v. Keleta*, 552 F.3d 861, 866 (D.C. Cir. 2009), and her motion is too sparse to carry it. First, she fails to specify what reduced sentence she seeks. And she does not discuss or even mention the sentencing factors set forth in 18 U.S.C. § 3553(a). That is a problem.

10

Sentence reductions must "must be guided by the factors set forth in section 3553(a)." *United States v. Lafayette*, 585 F.3d 435, 439 (D.C. Cir. 2009) (cleaned up); *United States v. Shkambi*, 993 F.3d 388, 392 (5th Cir. 2021) (discussing petitioners' obligations to "convince the district judge to exercise discretion to grant the motion after considering the § 3553(a) factors"). Because she neither identifies the sentence she seeks, nor argues that a lower sentence would be consistent with applicable § 3553(a) factors, she has not shown a sentence reduction is appropriate. *See United States v. David*, 249 F. Supp. 3d 8, 11 (D.D.C. 2010). The Court thus denies her request.

## VI.

Ogbenna had full knowledge that the Court would decide which Sentencing Guidelines applied when she chose to plead guilty. Even with the obstruction enhancement added to her plea Guidelines range, she faced likely conviction and a drastically more severe sentence had she gone to trial.

For these reasons, it is

**ORDERED** that Defendant's [53] Motion to Vacate is DENIED; it is further

**ORDERED** that Defendant's [63] Motion for Reduction of Sentence is DENIED.

**SO ORDERED.**

Dated: July 8, 2026

TREVOR N. McFADDEN, U.S.D.J.

11